UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose Luis Estrada Martinez　　　　　　　　　　　Civil No. 13-2042 (DWF/JJK)
o/b/o M.E.S.,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　**MEMORANDUM**
　　　　　　　　　　　　　　　　　　　　　　　**OPINION AND ORDER**
State Farm Fire and Casualty Company,

        Defendant.

---

Aaron M. Ponce, Esq., MJR LAW, counsel for Plaintiff.

Melissa K. Rislov, Esq., Tamara L. Rollins, Esq., Katherine A. McBride, Esq., and Leatha G. Wolter, Esq., Meagher & Geer, PLLP, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion for Summary Judgment brought by State Farm Fire and Casualty Company ("State Farm"). (Doc. No. 11.) For the reasons set forth below, the Court grants State Farm's motion.

## BACKGROUND

M.E.S. and her mother, Elizabeth Santiago Marquez ("Santiago Marquez"), live in the same household as Santiago Marquez's sister and her sister's husband, Andres Cantoran-Quiroz ("Cantoran-Quiroz"). (Doc. No. 14, McBride Aff. ¶ 4, Ex. 3.)

On July 13, 2009, M.E.S. was injured while riding as a passenger in a 1999 Volkswagen Jetta that her mother, Santiago Marquez, owned and was driving. (*Id.* ¶¶ 2, 3, 4 & Exs. 1, 2, 3.)  Santiago Marquez's Jetta was uninsured. (*Id.* ¶ 4, Ex. 3.) However, Cantoran-Quiroz (M.E.S.'s uncle) owns a vehicle that he insures with State Farm. (*Id.* ¶ 5, Ex. 4 (the "State Farm Policy").)  The relevant portions of that policy provide:

> **UNINSURED MOTOR VEHICLE-COVERAGE U**
>
> . . .
>
> We will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*. The *bodily injury* must be sustained by an *insured* and caused by accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*.
>
> . . .
>
> An *uninsured motor vehicle* does not include a *motor vehicle* or *motorcycle*:
> 1. insured under the liability coverage of this policy;
> 2. furnished for the regular use of *you*, *your spouse*, or any *relative*.[1]

---

[1]  State Farm asserts that, elsewhere in the policy, "relative" is defined as:
  1. a *person* related to *you* or *your spouse* by blood, marriage or adoption who resides with *you*; or
  2. a minor:
     a.   in the custody of you, your spouse, or a person defined in item 1 above; and
     b.   who resides with *you*.

(Doc. No. 13 at 3.) However, the Court is unable to locate that definition in the submitted portions of the State Farm Policy. In any event, there does not appear to be a dispute that Santiago Marquez is a relative of Cantoran-Quiroz, as she is related to Cantoran-Quiroz's spouse by blood and resides with Cantoran-Quiroz. (*See*, *e.g.*, Doc. No. 16 at 2 ("[Plaintiff] seeks uninsured motorist coverage for [M.E.S.] as a resident relative under [the State Farm Policy.]").

2

(State Farm Policy at 19.)

After receiving M.E.S.'s application for benefits, State Farm paid M.E.S. $20,000, the limits of the no-fault medical-expense benefit coverage under Cantoran-Quiroz's State Farm Policy. (McBride Aff. ¶ 6, Ex. 5.)[2] M.E.S. then sought uninsured motorist coverage under the State Farm Policy. (Doc. No. 1, Ex. 1 ("Compl.") ¶ 7.) State Farm denied the claim, and M.E.S.'s father commenced this action in state court. State Farm removed the action to this Court. (Doc. No. 1.) In the Complaint, Plaintiff seeks payment of uninsured motorist benefits under the Minnesota's No-Fault Automobile Insurance Act (the "No-Fault Act"). State Farm now moves for summary judgment on Plaintiff's Complaint in its entirety. (Doc. No. 11.)

## DISCUSSION

### I.   Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural

shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

In Minnesota, "the interpretation of insurance contract language is a question of law." *Meister v. W. Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992). Courts interpret unambiguous policy language "in accordance with its plain and ordinary meaning." *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 799 (Minn. 2004).

## II.    Uninsured Motorist Coverage

The No-Fault Act requires that insurers provide, among other benefits, uninsured motorist coverage. Minn. Stat. § 65B.49, subd. 3a ("No plan of reparation security may

---

(Footnote Continued From Previous Page)
[2]    State Farm acknowledges that because M.E.S. was a resident of her uncle's household and was not insured by another automobile-insurance policy, she was entitled
(Footnote Continued on Next Page)

be renewed, delivered or issued for delivery, or executed in this state with respect to any motor vehicle registered or principally garaged in this state unless separate uninsured and underinsured motorist coverages are provided therein.").

The parties' present dispute centers on whether M.E.S. is entitled to uninsured motorist coverage under her uncle's State Farm Policy.  State Farm contends that the State Farm Policy contains a "family-auto exclusion," namely the exclusion of any motor vehicle "furnished for the regular use of you, your spouse or any relative," from the definition of "uninsured motor vehicle"  (State Farm Policy at 19.)  State Farm maintains that the 1999 Jetta, owned by Santiago Marquez, is excluded from the definition of "uninsured motor vehicle" because it was furnished for the regular use of Santiago Marquez, a relative of Cantoran-Quiroz (his sister-in-law).  State Farm further submits that M.E.S. cannot look to the State Farm Policy for first-party (uninsured motorist) coverage because doing so would constitute an impermissible conversion of her uncle's lower-cost, first-party coverage into third-party liability coverage for the uninsured Jetta. (Doc. No. 13 at 7.)

Plaintiff, however, argues that the exclusion of coverage is in direct contravention of the No-Fault Act.  Specifically, Plaintiff argues that M.E.S. is entitled to uninsured motorist coverage as a resident relative because neither Cantoran-Quiroz nor M.E.S. owned the uninsured 1999 Jetta.  Plaintiff submits that because Cantoran-Quiroz is not

---

(Footnote Continued From Previous Page)
to no-fault coverage under the State Farm Policy.

legally liable for the injury to M.E.S., uninsured motorist coverage for M.E.S. would not convert first-party coverage into third-party coverage.  Plaintiff argues that a policy provision that excludes uninsured motorist benefits when the insured is injured while occupying a vehicle owned by the insured or a family member is invalid.

In general, an insurer's liability is determined by the insurance contract as long as that insurance policy does not omit coverage required by law and does not violate applicable statutes.  *Lynch v. Am. Fam. Mut. Ins. Co.*, 626 N.W.2d 182, 185 (Minn. 2001).  In *Lynch*, the Minnesota Supreme Court explained that "because the [underinsured motorist] coverage mandated by the [No-Fault] Act is not intended to serve as a supplement for the insured's inadequate liability coverage, an insurer can write and enforce an exclusion that precludes that coverage conversion." *Id*. at 189.  Stated generally, coverage conversion occurs when uninsured benefits are used as a substitute for inadequate liability coverage.  *Id*.; *see*, *e.g., Myers v. State Farm Mut. Auto. Ins. Co*., 336 N.W.2d 288, 291 (Minn. 1983); *Petrich v. Hartford Fire Ins. Co.*, 427 N.W.2d 244, 245-46 (Minn. 1988).  The Minnesota Supreme Court has noted that the purpose of liability coverage (third-party coverage) is to protect passengers in the insured vehicle from negligent driving of the owner or another driving the vehicle, while underinsured or uninsured coverage (first-party coverage) is designed to:

> protect against a different type of risk, the risk that a negligent driver of another vehicle will have failed to purchase adequate liability insurance; that is, it is intended "to protect the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile."

*Meyer v. Ill. Ins. Grp.*, 371 N.W.2d 535, 537 (Minn. 1985) (quoting *Myers*, 336 N.W.2d at 291).

Under the State Farm Policy, State Farm agreed to pay all damages resulting from bodily injury to an insured that the insured is entitled to collect from the driver of an uninsured motor vehicle. (State Farm Policy at 19.) The State Farm Policy also, however, contains a "family-auto exclusion," which excludes from the definition of "uninsured motor vehicle" any vehicle "furnished for the regular use of you, your spouse or any relative." (*Id.*) Here, Santiago Marquez's Jetta was furnished for Santiago Marquez's regular use, and Santiago Marquez is a relative of Cantoran-Quiroz. Thus, the Jetta is specifically excluded from the definition of "uninsured motor vehicle." Therefore, there is no uninsured motorist coverage for M.E.S. under the State Farm Policy unless the policy's definition of "uninsured motor vehicle" is invalid.

The "family-auto exclusion" has been upheld by Minnesota courts. For example, in *Petrich*, a car owner obtained insurance for two of three vehicles he owned. *Petrich*, 427 N.W.2d at 245. The owner's minor step-son was injured while he occupied the uninsured vehicle. *Id*. The car owner's insurance policy excluded uninsured motorist coverage if the uninsured vehicle is one "owned by or furnished or available for the regular use of [the step-father] or any family member." *Id*. The Minnesota Supreme Court held that the step-son could not recover first-party benefits on a policy covering the

insured vehicles because doing so would be a conversion of first-party coverage into liability coverage. *Id.* at 246.

In addition, in *Wintz v. Colonial Ins. Co. of Cal.*, 542 N.W.2d 625 (Minn. 1996), the plaintiff sustained injuries in an accident that occurred while she was a passenger on an uninsured motorcycle driven by her husband. *Wintz*, 542 N.W.2d at 626. The motorcycle belonged to her husband's minor son, who left the motorcycle with his father with unconditional permission to use in his absence. *Id.* Plaintiff's husband had insurance for his automobile, which contained a policy exclusion for uninsured motorist benefits for uninsured vehicles that were "owned by or furnished or available for the regular use" of the policyholder or a relative. *Id.* The Minnesota Supreme Court held that the exclusionary clause was enforceable and that the plaintiff was not entitled to recover benefits under her husband's uninsured motorist policy, because the plaintiff may not obtain third-party benefits on a first-party beneficiary claim. *Id.* at 627; *see also Am. Family Mut. Ins. Co. v. Luhman*, 438 N.W.2d 453, 455 (Minn. Ct. App. 1989) (holding that family-owned vehicle exclusion was valid where the claimant was injured as a passenger in his mother's car while his mother was driving and the claimant sought underinsured motorist benefits under his step-father's insurance policies that covered the involved vehicle).[3]

---

[3]  Plaintiff relies on *Vue v. State Farm Ins. Co.*, 582 N.W.2d 264 (Minn. 1988) and *Am. Nat'l Prop. & Cas. Co. v. Loren*, 597 N.W.2d 291 (Minn. 1999) in support of the argument that uninsured motorist coverage for M.E.S. does not convert first-party

(Footnote Continued on Next Page)

While none of the cases cited by the parties are directly on point, the Court agrees with State Farm that to allow M.E.S. to recover under her uncle's State Farm Policy for first-party coverage would convert her uncle's lower-cost, first-party uninsured motorist coverage into third-party liability coverage for the uninsured Jetta.  As has been pointed out in prior cases, the Cantoran-Quiroz household had an obligation to properly insure all vehicles in use.  The family-auto exclusion in the State Farm Policy prevents members of a household from insuring a single vehicle but then using the uninsured motorist coverage from that insured vehicle to provide liability coverage for other uninsured vehicles.  Thus, based on the above, the Court concludes that State Farm's family-auto exclusion prevents M.E.S. from recovering first-party benefits for injuries negligently caused by her mother while driving an uninsured motor vehicle.  Accordingly, State Farm is entitled to summary judgment in its favor.

The Court notes that the result here may seem harsh to M.E.S., who was a minor and could not have provided her own insurance.  However, it was the responsibility of the adults in the household to adequately insure the household's vehicles.  Plaintiff cannot seek uninsured motor vehicle coverage that operates as (absent) liability coverage for her

---

(Footnote Continued From Previous Page)
coverage into third-party coverage because Cantoran-Quiroz did not own the at-fault car or cause the accident.  These cases, however, do not involve the issue of policy conversion.  For example, in *Vue*, the claimant was injured as a passenger in her husband's uninsured car but sought uninsured motorist benefits on a policy insuring a second vehicle for the uninsured negligence of a third (non-household) car.  *Vue*, 582 N.W.2d at 265.  In addition, coverage conversion was not at issue in *Loren*.

mother, who failed to insure her car.  To hold otherwise would permit relatives living together in one household to insure a single vehicle and expect liability coverage for all household drivers even when not driving the insured vehicle.  As noted by the Minnesota Supreme Court in *Petrich*, any complaint regarding insurance coverage in a household "should be directed to the car owner who has a responsibility for insuring [her] car[]" and "not to the insurer which must fashion its premium structure to defined risks and can only react to the policyholder's decision to insure or not to insure." *Petrich*, 427 N.W.2d at 246.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. State Farm's Motion for Summary Judgment (Doc. No. [11]) is **GRANTED**.

2. State Farm is entitled to judgment with respect to Plaintiff's Complaint.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 5, 2014                                  s/Donovan W. Frank
                                                                    DONOVAN W. FRANK
                                                                    United States District Judge